## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

GENE OLEN CHARLES RAST,
SHAUNI BREANNE CALLAGY,
RENEE LYNN HAYNES,
LUIS ALFREDO JACOBO,
KELLY WAYNE BRYAN,
CURTIS ANTHONY JONES,

          Defendants.

Case No. 21-CR-102-CVE

### Unopposed Motion to Continue

The United States moves the Court to continue by 30 days the remaining dates in the scheduling order, including the pretrial conference set for March 10, 2022, and the trial set for March 21, 2022. In support of this motion, the government states as follows:

On March 24, 2021, the grand jury returned an Indictment charging William Donovan Johnson III, David Scott Chambers, Gene Olen Charles Rast, and Shauni Breanne Callagy with narcotics and firearms charges. (Dkt. # 2).

On June 23, 2021, the grand jury returned a Superseding Indictment, adding charges and adding Renee Lynn Haynes as a defendant. (Dkt. # 51).

On September 21, 2021, the grand jury returned a Second Superseding Indictment, adding defendants Luis Alfredo Jacobo, Jesus Valdez Martinez, Kelly Wayne Bryan, Curtis Anthony Jones, and Antonio Cervantes Garcia. (Dkt. # 84).

The Second Superseding Indictment charged, *inter alia*, that Jacobo had engaged in a Continuing Criminal enterprise under 21 U.S.C. § 848, and that Jacobo had entered into three separate drug conspiracies under 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). (*Id.*). In one of those conspiracies, charged in Count Four, Jacobo allegedly conspired with Johnson, Callagy, Martinez, Bryan, Jones, and Garcia. (*Id.*).

On November 23, 2021, this Court granted Jacobo's motion to declare the case complex, and set a new scheduling order that included a pretrial conference date of March 10, 2022, and a trial date of March 21, 2022. (Dkt. # 152).

On February 7, 2022, the grand jury returned a Third Superseding Indictment, adding "overt act" allegations to the already-existing conspiracy counts and also adding Counts Fourteen through Thirty-Nine, which charge Jacobo with using a communications facility to further a drug felony under 21 U.S.C. §§ 843(b) and 841(d)(1). (Dkt. # 155).

As of the date of this motion, four of the ten defendants have not yet been arraigned in this case. Johnson is in federal custody in the Western District of Missouri, having recently resolved drug charges in that district by way of a guilty plea. *See United States v. Johnson, et al.*, Case No. 21-CR-5003-MDH-01 (W.D. Mo.). Chambers is also in federal custody in the Western District of Missouri, also facing drug charges in that district. *See United States v. Chambers*, No. 20-CR-03131-MDH (W.D. Mo.). Martinez was until recently in federal custody in the District of Montana on drug charges. *See United States v. Martinez*, No. 21-CR-6-BLG-DLC (D. Mont.). That case resolved by way of guilty plea, and the government has made the

necessary requests to the Marshals to have Martinez transported to this District. Undersigned has been in communication with the Marshals Office about Martinez's transportation status and believes that Martinez will arrive in this district within the next week. Garcia was recently tried and convicted of drug charges in the Western District of Oklahoma, and he is awaiting sentencing. *See United States v. Garcia, et al.*, 20-CR-321-F (W.D. Okla.).

Undersigned counsel has discussed with counterparts in the U.S. Attorney's Offices in the Western District of Missouri and the Western District of Oklahoma about transferring custody of Mr. Johnson and Mr. Garcia to this District so that they may face their charges here, and then transferring custody of those defendants back for sentencing. Undersigned counsel has had discussions with counsel for Chambers and for the government in the Western District of Missouri about a possible global resolution of Chambers's charges in that district and in this case.

Discovery in this case is voluminous, as noted in Jacobo's November 8, 2021, unopposed motion to declare the case complex. (Dkt. # 144). The government has produced discovery on a rolling basis, making productions on dates that have included November 19, 2021; December 29, 2021; January 26, 2022; and February 11, 2022. To date, the government has produced approximately 53 gigabytes of data in discovery, including 40,210 Bates-stamped PDF pages and numerous media incapable of receiving Bates stamps, including digital phone extractions, audio files, and excel spreadsheets. Discovery will continue to be rolling in this case, although undersigned counsel believes that the vast majority of discovery in this case has now

been produced. Remaining discovery primarily – though not exclusively – includes Jencks Act material and other trial-related discovery.

Rast has petitioned the Court to change his plea and is scheduled for a change-of-plea hearing on March 4, 2021. (Dkt. # 175). Plea discussions with other defendants remain ongoing.

The current pretrial conference date is March 10, 2022, and the current trial date is March 21, 2022. (Dkt. # 152). Rast, Callagy, Haynes, Jacobo, and Bryan are detained pending trial. Jones is on pretrial release.

Because not all defendants have made their appearance in this case (but may soon be able to appear in this case for various reasons), and because of the complex nature of the case and the voluminous and rolling nature of discovery in this case, the government asks for a 30-day continuance of the remaining events in the scheduling order, including the March 10 pretrial conference and the March 21 trial date.

Undersigned counsel has conferred with counsel for five of the six defendants who have made an appearance in this case. As of the date of this filing, undersigned counsel did not receive a response from counsel for Gene Rast, who is scheduled for a change of plea in this case. Counsel for Callagy, Haynes, Jacobo, Bryan, and Jones have all stated that they do not oppose the relief sought in this motion. Counsel for Callagy, Haynes, Jacobo, and Jones stated that they expected their clients to sign and submit speedy trial waivers. Lance Phillips, Counsel for Bryan, reminded undersigned counsel that Bryan did not waive his speedy trial rights in response to Jacobo's motion to declare the case complex, and Phillips believes that Bryan is

similarly unlikely to sign a speedy trial waiver now.

Craig Hoehns, counsel for Callagy, while not opposed to the relief requested in this motion, wishes to note that he has a trial currently scheduled for April in the Eastern District of Oklahoma that seems likely to go forward.

In light of the above, the government requests a 30-day continuance of the remaining dates in the scheduling order. The parties urge the Court to balance the appropriate considerations in favor of granting a continuance in the interests of justice. *See United States v. Toombs*, 574 F.3d 1262, 1269, 1273 (10th Cir. 2009).

The Speedy Trial Act provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Among those periods of delay excluded are periods "resulting from a continuance granted by a judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors a judge shall consider in making this determination are "whether the failure to grant such a continuance in a case . . . would unreasonably deny counsel for the defendant, or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Additionally, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), the Court may grant a continuance to avoid a miscarriage of justice.

Part of the parties' ability to engage in "effective preparation" of this case is

analyzing discovery and discussing it with their clients. 18 U.S.C. § 3161(h)(7)(B)(iv). As noted, discovery in this case is voluminous and rolling productions have continued into February 2022.

Additionally, granting a continuance serves the ends of justice and judicial economy, in that several – if not all – of the remaining defendants may make an appearance in this Court in the next 30 days, and a continuance makes it more likely that the parties can avoid piecemeal trials in this matter. Federal courts have a strong preference for trying together defendants who have been indicted together, and this rule is particularly strong in conspiracy cases. *See United States v. Rogers*, 921 F.2d 975, 984 (10th Cir. 1990) ("In conspiracy cases, the general rule is that persons indicted together should be tried together. . . . Severance is justified only in the most extreme cases."). In this case, Chambers is charged in a drug conspiracy with Johnson and Callagy, and Jacobo is charged in a drug conspiracy with Johnson, Callagy, Bryan, Jones, Martinez, and Garcia. (Dkt. # 155).

Accordingly, the government requests a 30-day continuance of the remaining dates in the scheduling order in the interests of justice, for the above-stated reasons and for no improper reason. *See Toombs*, 574 F.3d at 1269.

WHEREFORE, the Court should grant the government's unopposed motion for a 30-day continuance of the remaining dates in the scheduling order, including the March 10, 2022, pretrial date and the March 21, 2022, trial date.

Respectfully submitted,

CLINTON J. JOHNSON
Acting United States Attorney
Northern District of Oklahoma

 */s/ Thomas E. Duncombe*
Thomas E. Duncombe, DC Bar #1029476
Assistant United States Attorney
110 W. 7th Street, Suite 300
Tulsa, OK 74119-1029
918-382-2700
Thomas.duncombe@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February, 2022, I submitted the foregoing document to the Clerk of the Court using the CM/ECF filing system, which will provide service to the following counsel of record:

Douglas Smith,
*Counsel for Gene Olen Charles Rast*

Craig Hoehns,
*Counsel for Shauni Breanne Callagy*

Scott Troy,
*Counsel for Renee Lynn Haynes*

Michael Noland,
*Counsel for Luis Alfredo Jacobo*

Lance Phillips,
*Counsel for Kelly Wayne Bryan*

Terry Weber,
*Counsel for Curtis Anthony Jones*

 */s/ Thomas E. Duncombe*
Thomas E. Duncombe
Assistant United States Attorney