UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CR-0102-CVE |
| | ) |
| WILLIAM DONOVAN JOHNSON III, | ) |
| a/k/a Billy Johnson, | ) |
| LUIS ALFREDO JACOBO, a/k/a Lokz, | ) |
| JESUS VALDEZ MARTINEZ, | ) |
| a/k/a Jesse Martinez, a/k/a Hostile, | ) |
| KELLY WAYNE BRYAN, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court are defendant Johnson's motion for a James hearing (Dkt. # 279); defendant Jacobo's motion to join and adopt defendant Johnson's motion (Dkt. # 284)[1]; defendant Bryan's motion for a James hearing and production of Fed. R. Evid. 801(d)(2))(E) materials (Dkt. # 286)[2]; defendant Martinez's motion for a James hearing (Dkt. # 288); and plaintiff's response in opposition to defendants' motions for a James hearing (Dkt. # 305). On February 7, 2022, a grand jury returned a 39-count third superseding indictment charging defendants with various offenses. including drug conspiracy and possession of methamphetamine with intent to distribute. Dkt. # 155. Defendants

---

[1]   The Court will interpret defendant Jacobo's motion (Dkt. # 284) as a motion for a James hearing.

[2]   The Court notes that defendant Bryan's motion (Dkt. # 286) joins and adopts a motion filed by Tony Garcia (Dkt. # 283); however, the Court granted plaintiff's motion to dismiss without prejudice the second superseding indictment and third superseding indictment as to Mr. Garcia (Dkt. # 307). Therefore, for purposes of this order, the Court will refer to the content of Mr. Garcia's motion insofar as defendant Bryan joins and adopts the facts and arguments contained therein.

Johnson (Dkt. # 279, at 1), Jacobo (Dkt. # 284, at 1), Bryan (Dkt. # 286, at 1), and Martinez (Dkt. # 288, at 1) ask the Court to conduct a pretrial hearing to determine whether coconspirator statements will be admissible at trial. Additionally, defendant Bryan requests that plaintiff produce "*Bruton* [and] Rule 801(d)(2)(E) materials[.]" Dkt. # 286, at 1. Plaintiff responds that a James hearing is not necessary because plaintiff "expects to present witnesses in an order [that] will allow the Court to make the necessary considerations as to whether a conspiracy existed before [plaintiff] offers the relevant co-conspirator statements." Dkt. # 305, at 11. Plaintiff further responds that, "to the extent [defendants] seek notice under Rule 801(d)(2)(E)[,] . . . [plaintiff] provides notice in Exhibit 1 to [its] filing of the particular categories of coconspirator statements [plaintiff] expects to offer[.]" Id. at 2; Dkt. # 305-1, at 1-5.

As a preliminary matter, while Mr. Garcia's motion (Dkt. # 283) (which defendant Bryan joins and adopts) makes reference to Bruton v. United States, 391 U.S. 123 (1968), the motion contains no argument as to how any of the coconspirator statements implicate Bruton. In Bruton, 391 U.S. at 126-28, the Supreme Court held that a defendant's right to confront the witnesses against him is violated by the admission of an out-of-court statement by a co-defendant if the statement implicates the defendant and the co-defendant does not testify at trial. Crucially, Bruton "applies only to testimonial statements. A testimonial statement is a formal declaration made by the declarant that, when objectively considered, indicates that the primary purpose of the [statement is] to establish or prove past events potentially relevant to later criminal prosecution." United States v. Morgan, 748 F.3d 1024, 1038 (10th Cir. 2014) (internal quotations and citations omitted). Here, the proffered coconspirator statements that plaintiff intends to offer at trial (Dkt. # 305-1, at 1-5) are not testimonial; rather, the statements are messages exchanged by various codefendants discussing topics

related to an alleged active (at that time) methamphetamine distribution operation. In other words, none of the messages exchanged between various codefendants was primarily for the purpose of establishing past events relevant to a criminal prosecution. Consequently, Bruton is inapposite and the Court will interpret defendant Bryan's motion as a request for a James hearing and for Rule 801(d)(2)(E) notice.

Under Fed. R. Evid. 801(d)(2)(E), a statement is not considered hearsay if the Court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)). For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded. United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983). A court "can only admit coconspirator statements if it holds a *James* hearing [before trial] or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting United States v. Owens, 70 F.3d 1118 (10th Cir. 1995)). A district court may rely on the statements and observations of other coconspirators to support its finding that a conspiracy existed. Owens, 70 F.3d at 1124-25.

There is no Tenth Circuit precedent requiring a pretrial hearing to determine the admissibility of coconspirator statements. The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing. United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998). However, the Tenth Circuit has clearly held that this is a preference only, and the district

court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. United States v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994). In this case, the third superseding indictment alleges that defendants Johnson, Jacobo, Bryan, and Martinez, among others, engaged in a conspiracy to distribute methamphetamine over a period of several years. As a result, a James hearing would take almost as long as a jury trial. The Court will require the government to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracy and each defendant's membership in it before seeking to admit the statements, but defendants' motions (Dkt. ## 279, 284, 286, 288) for a James hearing are denied. Additionally, plaintiff attached to its response the coconspirator statements it anticipates introducing at trial, see Dkt. # 305-1; thus, defendant Bryan's request for "production of . . . Rule 801(d)(2)(E) materials" (Dkt. # 286, at 1) is moot.

**IT IS THEREFORE ORDERED** that defendant Johnson's motion for a James hearing (Dkt. # 279) is **denied**; defendant Jacobo's motion for a James hearing (Dkt. # 284) is **denied**; defendant Martinez's motion for a James hearing (Dkt. # 288 is **denied**; and defendant Bryan's motion for a James hearing and production of Fed. R. Evid. 801(d)(2))(E) materials (Dkt. # 286) is **denied in part** as to a James hearing and **moot in part** as to production of Rule 801(d)(2)(E) materials.

**DATED** this 28th day of July, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE